Susan Jane M. Brown (she/her) (OSB #054607), LEAD COUNSEL
WESTERN ENVIRONMENTAL LAW CENTER
4107 NE Couch St.
Portland, Oregon 97232
(503) 914-1323
brown@westernlaw.org

*Attorney for Plaintiffs; additional counsel listed on signature page*

Nicholas S. Cady (he/him) (OSB # 113463)
CASCADIA WILDLANDS
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463
Email: nick@cascwild.org

*Attorney for Plaintiff Cascadia Wildlands*

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS** et al.,<br>*Plaintiffs,*<br>vs.<br>**CHERYL ADCOCK** et al.,<br>*Defendants.* | Case No. 6:22-cv-00767-AA<br><br>**PLAINTIFFS' MOTION TO STAY CASE PROCEEDINGS PENDING RULING ON MOTION TO AMEND COMPLAINT AND TO VACATE BRIEFING SCHEDULE** |

## MOTION TO STAY CASE PROCEEDINGS PENDING RULING ON MOTION TO AMEND COMPLAINT & VACATE BRIEFING SCHEDULE

Plaintiffs Cascadia Wildlands and Oregon Wild ("Cascadia") hereby move this Court to stay the proceedings of this case, and to correspondingly vacate the briefing schedule, pending the Court's resolution of Cascadia's Motion to Amend the Complaint, filed herewith. Because neither the federal defendants Cheryl Adcock, Paul Tigan, and the United States Bureau of Land

Management ("BLM") nor any other entity would be harmed by granting Cascadia's motion, and because granting the motion would preserve judicial resources, the Court should grant Cascadia's motion. Pursuant to Local Rule 7-1, counsel for Cascadia have conferred with counsel for BLM in a good faith effort to resolve this dispute but were unable to reach resolution. BLM opposes this motion.

## BACKGROUND

Cascadia filed this cause of action challenging the N126 Late-Successional Reserve Landscape Plan Project ("N126" or "Project") on May 22, 2022. ECF No. 1. The Project will conduct commercial timber harvest on 14,227 acres of Late-Successional Reserve ("LSR") Land Use Allocation ("LUA") and more than 2,000 acres of the Riparian Reserve LUA. *Id*. at ¶ 2. The Project is designed to generate at least 380 million board feet ("MMBF") of lumber. *Id.* As part of the project, between 50 and 90 miles of new roads will be constructed and between 300 and 420 miles of existing roads will be renovated or rebuilt. *Id.* The BLM answered the complaint on August 16, 2022, ECF No. 11, and the parties submitted a Joint Status Report on the Case Schedule to the Court on August 31, 2022, ECF No. 12, that the Court subsequently approved on September 1, 2022, ECF No. 13.

The BLM lodged the administrative record with the Court on November 1, 2022. ECF No. 14. The administrative record for this case comprises three final agency actions: 1) the approval of the N126 Project; 2) the approval of the Gone Fishin' Determination of National Environmental Policy Act ("NEPA") Adequacy ("DNA") decision; and 3) the approval of the Pucker Up DNA decision. *See* ECF No. 15 (Declaration of Morgan Schneider). Taken together, these three administrative records comprise more than 52,586 pages.

Between November 1 and December 23, 2022, counsel for Cascadia reviewed the lengthy administrative record for completeness as set forth in the Court's scheduling order, with the intention of informing counsel for BLM of any record deficiencies by December 23, 2022. While Cascadia's counsel did not identify record deficiencies during their review, counsels' review revealed that changes to Cascadia's Complaint may be warranted. Consequently, Cascadia's counsel initially contacted BLM's counsel on December 16, 2022 to inquire whether BLM would oppose Cascadia amending its Complaint. Declaration of Marlee Goska, ECF No. 19-2, ¶ 15. At that juncture, the time for Cascadia to amend their Complaint as of right had expired, *see* FED. R. CIV. P. 15(a). Counsel for BLM asked Cascadia for details about the proposed amendment and requested a redline, ECF No. 16, and on January 6, Cascadia shared a redline of their proposed amended complaint. ECF No. 19-2, ¶ 19, On January 10, BLM informed Cascadia's counsel that BLM would oppose the amendment of Cascadia's Complaint. *Id*. at ¶ 20. Because amendment of the Complaint, the BLM's Answer to the Amended Complaint, and subsequent summary judgment briefing deadlines are dependent on this Court's grant of Cascadia's motion to amend their Complaint, Cascadia seeks to stay the proceedings of this case until the Court rules on Cascadia's motion to amend their Complaint, and to correspondingly vacate the existing briefing schedule in this case.

## ARGUMENT

As this Court held in *Oregon Wild v. Cummins*:

> A district court has the inherent power to stay its proceedings; the power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When ruling on a motion to stay a pending proceeding, the Court must balance competing interests, including (1) possible damages that could result from granting the stay, (2) potential hardships that could arise from denying the stay, and (3) the stay's expected effects on judicial resources. *Lockyer v.*

*Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

No. 1:15-CV-01360-CL, 2017 WL 253968, at *2 (D. Or. Jan. 18, 2017) (internal quotations omitted). "The movant bears the burden of showing that a stay is needed." *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see also, Boaz v. First Bank & Tr.*, No. 6:21-CV-00084-AA, 2022 WL 17360541, at *1 (D. Or. Dec. 1, 2022). Because neither BLM nor any other entity will be harmed or suffer damages from the stay, Cascadia would suffer hardship if the stay is denied, and granting the stay will conserve judicial resources, the Court should grant Cascadia's motion.

First, no damages to BLM or any nonparty will occur as a result of a stay. This case involves the management of federal public lands and the harvest of timber from those lands. There are no intervenors in this case with an interest in the N126, Gone Fishin', or Pucker Up decisions and timber sales. Cascadia has not sought emergency injunctive relief to halt the implementation of the Projects, and there are no purchasers of any timber sales authorized by the N126 environmental assessment, decision record, and finding of no significant impact. As a result, implementation of the N126, Gone Fishin', and Pucker Up decisions will continue while this case is stayed. Implementation of the challenged decisions will occur during the stay, and while Cascadia ultimately expects to prevail on the merits of their case in which case this Court would set aside and vacate the decisions, 5 U.S.C. § 706(2)(A) (a "reviewing court shall...set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law") – which will insulate Cascadia from the irreparable harm caused by timber harvest, *Portland Audubon Soc. v. Lujan*, 795 F. Supp. 1489, 1509 (D. Or. 1992) – Cascadia is willing to accept the tradeoff of delaying a decision on the merits to more concisely set forth their case in principle. Cascadia is therefore unaware of any hardship to the BLM that

would result from a stay of proceedings while this Court considers Cascadia's Motion to Amend the Complaint.

Second, Cascadia would be harmed in the absence of a stay. As the Ninth Circuit has explained, "It is well established that the plaintiff is the 'master' of his [sic] complaint," and therefore is generally free to characterize their claims according to the principles of notice pleading. *Ginsberg v. Paramount Commc'ns Corp.*, 52 F.3d 333 (9th Cir. 1995). Based on their review of the administrative record in this case, Cascadia believes that an amendment to their Complaint is warranted. Cascadia should therefore not be compelled to litigate claims it now believes to be less meritorious than initially believed or to litigate meritorious claims that are better pled through an Amended Complaint. However, this Court must first grant Cascadia's Motion to Amend the Complaint, and given the upcoming summary judgment briefing schedule, the Court may not have sufficient time to review and rule on the Motion to Amend the Complaint prior to at least the deadline for Cascadia to file its Motion for Summary Judgment and supporting memorandum. In order to ensure that all parties have sufficient time to prepare their motions for summary judgment and supporting memorandum, the Court should grant this Motion for Stay of Case Proceedings while it considers Cascadia's Motion to Amend the Complaint. At the same time, the Court should vacate the existing briefing schedule (ECF No. 13) pending a ruling on the Motion to Amend the Complaint.

BLM would not be harmed by granting the stay. As explained *supra*, any timber harvest associated with the challenged decisions will continue for the duration of this case, so staying the case pending a resolution of Cascadia's Motion to Amend the Complaint will not result in lost revenue to the United States Treasury, or other deleterious effects on the agency.

Finally, judicial resources would be conserved by the stay. This case is in the early stages, and the Court has yet to undertake any review of the merits of the case. Based on its review of the administrative record, Cascadia proposes to amend its Complaint to abandon one claim (Second Claim for Relief, ECF No. 1 ¶¶ 90-95) and to better characterize their remaining two claims (First Claim for Relief, Counts 1 and 2, ECF No. 1 ¶¶ 71-89). Refining claims prior to summary judgment conserves judicial resources because this Court will not need to review unmeritorious claims and instead will focus its review on issues that best characterize the legal issues in dispute. A clear and concise Amended Complaint therefore saves the Court's time and energy. An Amended Complaint that focuses on the issues truly in dispute also conserves the time and energy of the litigants and allows the parties to file briefs with the Court that do not contain extraneous argument. Thus, the stay would conserve judicial resources.

Local Rule 16-3(a) also provides that motions to amend court-imposed deadlines must: 1) show good cause why the deadlines should be modified; 2) show effective prior use of time; 3) recommend a new date for the deadline in question; and 4) show the impact of the proposed extension on other existing deadlines, settings, or schedules. LR 16-3(a). As described *supra*, Cascadia has provided good cause for why the Court's summary judgment should be vacated in order to give the Court the opportunity to consider and rule on Cascadia's Motion to Amend the Complaint and have proposed a revised summary judgment schedule. Because this case is in the early stages and no dispositive or other motions are pending and oral argument has not yet been set, granting this Motion for Stay of Case Proceedings and vacating the existing summary judgment schedule will have no impact on other deadlines, settings, or schedules.

Finally, Cascadia has acted expeditiously in seeking this stay. Cascadia's counsel spent considerable time reviewing the 52,586-page administrative record – including over two major

PAGE 6 – PLAINTIFFS' MOTION TO STAY CASE PROCEEDINGS PENDING RULING
ON MOTION TO AMEND COMPLAINT AND TO VACATE BRIEFING SCHEDULE

federal holidays – to determine whether the record was complete. ECF No. 19-2, ¶¶ 10, 13–14. Upon finding that the record was complete but that record review compelled an amendment to Cascadia's Complaint, Cascadia's counsel contacted BLM's counsel expressing its intent to file an amended complaint on December 18. *Id*. at ¶ 18. At that time, Cascadia began revisions to the Complaint. On January 6, Cascadia shared a proposed redline of its amended complaint with counsel for BLM and requested BLM's consent to file it. *Id*. at ¶ 19. On January 10, counsel for BLM informed Cascadia's counsel that BLM would oppose Cascadia's Amended Complaint and a modification of the scheduling order, necessitating the filing of Cascadia's Motion to Amend the Complaint and this instant Motion to Stay Case Proceedings. *Id.* at ¶ 20. Thus, Cascadia has effectively used the existing briefing schedule prior to seeking vacatur of the existing briefing schedule.

Because this Motion complies with LR 16-3(a), no damages will result from the stay, Cascadia would be harmed in the absence of a stay, and judicial resources will be conserved by the stay, this Court should GRANT the Motion to Stay Case Proceedings Pending Ruling on Motion to Amend Complaint and should VACATE the briefing schedule.

Respectfully submitted, January 13, 2023.

   /s/ Susan Jane Brown
Susan Jane M. Brown (she/her) (OSB # 054607)
WESTERN ENVIRONMENTAL LAW CENTER
4107 NE Couch Street
Portland, OR. 97232
Tel: 503-914-1323
brown@westernlaw.org

Marlee Goska (she/her) (OSB # 215287)
WESTERN ENVIRONMENTAL LAW CENTER
P.O. Box 187
Lostine, OR 97857
Tel: 845-772-2555
Email: goska@westernlaw.org

PAGE 7 – PLAINTIFFS' MOTION TO STAY CASE PROCEEDINGS PENDING RULING ON MOTION TO AMEND COMPLAINT AND TO VACATE BRIEFING SCHEDULE

Sangye Ince-Johannsen (he/him) (OSB # 193827)
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Blvd., Ste. 340
Eugene, Oregon 97401
Tel: 541-778-6626
Email: sangyeij@westernlaw.org

Sadie Normoyle (she/her) (OSB # 211646)
WESTERN ENVIRONMENTAL LAW CENTER
P.O. Box 10455
Beaverton, OR 97078-1570
Tel: 541-485-2471, Ext. 119
Email: sadiejn@westernlaw.org

*Attorneys for Plaintiffs*

Nicholas S. Cady (he/him) (OSB # 113463)
CASCADIA WILDLANDS
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463
Email: nick@cascwild.org

*Attorney for Plaintiff Cascadia Wildlands*