Sara Ghafouri, OSB #111021
Sarah Melton, OSB #227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
sghafouri@amforest.org
smelton@amforest.org

*Attorneys for Proposed Defendant-Intervenor*

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS**, an Oregon non-profit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **CHERYL ADCOCK**, in her official capacity as Field Manager of the Siuslaw Field Office, Northwest Oregon District BLM; and **PAUL TIGAN**, in their official capacity as Field Manager of the Mary's Peak Field Office, Northwest Oregon District BLM; and **UNITED STATES BUREAU OF LAND MANAGEMENT,** an administrative agency of the United States Department of Interior, <br><br> Defendants, <br><br> and <br><br> **AMERICAN FOREST RESOURCE COUNCIL**, an Oregon non-profit corporation, <br><br> Proposed Defendant-Intervenor. | Civil No. 6:22-cv-00767-AA <br><br> **[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT** |

For its Answer to Plaintiffs' Amended Complaint (ECF No. 29), Defendant-Intervenor American Forest Resource Council (Intervenor) states:

## INTRODUCTION

1. The allegations in the first four sentences purport to characterize the N126 LSR Landscape Plan Project's (N126 Project) authorization documents, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the authorization documents. Intervenor admits the allegations in the fifth sentence.

2. The allegations in this paragraph purport to characterize the N126 Project's Decision Notice and/or authorization documents, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the non-cited sources.

3. The allegations in the first sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the first sentence. Intervenor denies the allegations in the second sentence.

4. The allegations in this paragraph constitute Plaintiff's characterizations of their own case, which require no response. To the extent a response is required, Intervenor denies the allegations in this paragraph.

## JURISDICTION AND VENUE

5. The allegations in this paragraph constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in this paragraph.

6. The allegations in the first sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the first

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 1

sentence.  Intervenor admits the allegations in the second, third, fourth, and sixth sentences.  Regarding the fifth sentence, Intervenor admits that the N126 Project Environmental Assessment (EA), the Gone Fishin' Determination of NEPA Adequacy and Decision Record, and the Pucker Up Determination of NEPA Adequacy and Decision Record were prepared out of the Bureau of Land Management's (BLM) office in Oregon.  Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence and, therefore, denies the same.

7. The allegations in this paragraph constitute legal conclusions, which require no response.  To the extent a response is required, Intervenor denies the allegations in this paragraph.

## PARTIES

8. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

9. Intervenor admits that former Plaintiff Oregon Wild has voluntarily withdrawn from this case.  Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 and, therefore, denies the same.

10. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

11. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

12. Intervenor denies the allegations in this paragraph.

13. Intervenor denies the allegations in this paragraph.

14. The allegations in this paragraph constitute legal conclusions, which require no response.  To the extent a response is required, Intervenor denies the allegations in this paragraph.

15. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, therefore, denies the same. Intervenor denies the allegations in the second sentence of this paragraph.

16. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

17. Intervenor avers that Cherlyl Adcock is no longer the Field Manager of the Siuslaw Field Office, Northwest Oregon District BLM but admits the remaining allegations in this paragraph.

18. Intervenor admits the allegations in this paragraph.

19. Intervenor admits the allegations in this paragraph.

## STATEMENT OF FACTS
*2016 Northwestern and Coastal Oregon Record of Decision and Resource Management Plan*

20. The allegations in this paragraph purport to characterize the 2016 Northwestern and Coastal Oregon Record of Decision and Resource Management Plan (2016 RMP), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP.

21. The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP.

22. Intervenor admits that the BLM decisions challenged in Plaintiff's Amended Complaint involve the Late Successional Reserves (LSR) and Riparian Reserves.

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 3

23.     The allegations in this paragraph purport to characterize the BLM's management objectives for LSRs, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's management objectives for LSRs.

24.     The allegations in the first sentence purport to characterize the BLM's management objectives for LSRs, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's management objectives for LSRs. The allegations in the second sentence purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP.

25.     The allegations in the first sentence purport to characterize the BLM's management objectives for Riparian Reserves, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's management objectives for Riparian Reserves. The allegations in the second sentence purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP.

*National Environmental Policy Act*

26. The allegations in this paragraph purport to quote and characterize the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA.

27. The allegations in this paragraph purport to characterize NEPA, 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA.

28. The allegations in this paragraph purport to quote and characterize NEPA's implementing regulation, 40 C.F.R. § 1508.27 (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulations.

29. The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1508.27(b) (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulation. The allegations in the first, second, fourth, and fifth sentences in footnote 2 purport to characterize the Council on Environmental Quality's (CEQ) final rules and future rulemaking to amend NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the final rules in the Federal Register. The allegations in the third sentence in footnote 2 purport to characterize

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 5

litigation over CEQ's 2020 regulations, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations in the third sentence of footnote 2 to the extent they are inconsistent with the litigation related to CEQ's 2020 regulation. The allegations in the sixth sentence of footnote 2 constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the sixth sentence of footnote 2.

30. The allegations in the first sentence of this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1501.4(b) (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the NEPA implementing regulation. The allegations in the second sentence purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1508.9 (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the NEPA implementing regulation. The allegations in the third and fourth sentence purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA and its implementing regulations.

31. The allegations in the first, second, third, and fourth sentences of this paragraph purport to quote and characterize NEPA's implementing regulation, 40 C.F.R. § 1508.8 (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning,

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 6

and context of NEPA's implementing regulation. The allegations in the fifth sentence purport to quote and characterize NEPA's implementing regulation, 40 C.F.R. § 1508.7 (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulation.

32. The allegations in this paragraph purport to characterize NEPA's implementing regulations, 40 C.F.R. § 1508.25(a)(1)-(3) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulations.

33. The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1500.1(b) (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulation.

*Determinations of NEPA Adequacy*

34. The allegations in the first sentence purport to characterize CEQ's NEPA Regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of CEQ's NEPA Regulations. The allegations in the second sentence purport to characterize the BLM's NEPA Handbook, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's NEPA Handbook.

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 7

35.     The allegations in this paragraph purport to characterize Determinations of NEPA Adequacy (DNAs) based on uncited sources, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the uncited sources.

36.     The allegations in the first sentence of this paragraph purport to characterize the BLM's use of a "DNA Worksheet," which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the DNA Worksheet.  The allegations in the second and third sentences purport to characterize the BLM's NEPA Handbook, which speaks for itself and is the best evidence of its contents.  To the extent a response is necessary, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's NEPA Handbook.

*The N126 LSR Landscape Plan Project*

37.     Intervenor denies the allegations in the first sentence of this paragraph.  The allegations in the second and third sentences purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenor denies the allegations in the second and third sentences to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA.  The allegations in the fourth sentence purport to characterize the BLM's NEPA Handbook, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the BLM's NEPA Handbook.

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 8

38. The allegations in this paragraph purport to characterize the N126 Project's Decision Notice, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project's Decision Notice.

39. The allegations in this paragraph purport to characterize the N126 Project's Decision Notice, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project's Decision Notice.

40. The allegations in this paragraph purport to characterize the N126 Project's Decision Notice, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project's Decision Notice.

41. Intervenor admits the allegations in this paragraph.

42. The allegations in this paragraph purport to characterize uncited BLM "claims" about the N126 Project, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the uncited sources.

43. The allegations in this paragraph purport to characterize uncited BLM "claims" about the N126 Project, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the uncited sources.

44. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including subparagraphs a.-s. and, therefore, denies the same.

45.     The allegations in this paragraph purport to characterize Plaintiff's comments, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of Plaintiff's comments.

46.     The allegations in this paragraph purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA.

47.     The allegations in this paragraph purport to characterize Fish and Wildlife Service's (FWS) Biological Opinion (BiOp) for the Northwest Oregon District's Habitat Alteration Projects in Fiscal Year 2018-2019 and the N126 Project EA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations in this paragraph to the extent they are inconsistent with the plain text, meaning, and context of the BiOp and the N126 Project EA.

48.     The allegations in the first sentence of this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP. The allegations in the second, third, and fourth sentences purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA.

49.     The allegations in this paragraph purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required,

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 10

Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA.

50. Intervenor denies the allegations in the first sentence of this paragraph. The allegations in the second and fifth sentences purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations in the second and fifth sentences to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA. The allegations in the third sentence purport to characterize Plaintiff's and FWS's statements, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations in the third sentence to the extent they are inconsistent with the plain text, meaning, and context of those statements. The allegations in the fourth sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the fourth sentence.

51. The allegations in the first sentence of this paragraph purport to characterize the N126 Project EA and supporting documents, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations in the first sentence to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA and supporting documents. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, therefore, denies the same.

52. The allegations in the first, third, fifth, and seventh sentences of this paragraph, and the first clause of the sixth sentence, purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 11

denies the allegations the first, third, fifth, and seventh sentences, and the first clause of the sixth sentence to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA. The allegations in the second sentence purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations in the second sentence to the extent they are inconsistent with the plain text, meaning, and context of the 2016 RMP. Intervenor denies the allegations in the fourth sentence. The allegations in the second clause of the sixth sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in this clause.

53. The allegations in the first, fifth, and sixth sentences of this paragraph purport to characterize the N126 Project EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations in the first, fifth, and sixth sentences to the extent they are inconsistent with the plain text, meaning, and context of the N126 Project EA. Intervenor denies the allegations in the second sentence. The allegations in the third and fourth sentences constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the third and fourth sentences.

54. Intervenor admits the allegations in the first and second sentence, except the alleged date of the Decision Record. Intervenor avers that the date of the Decision Record is August 11, 2020. The allegations in the third sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the third sentence.

55. The allegations in this paragraph, including subparagraphs a.-m., purport to characterize Plaintiff's Administrative Protest, which speaks for itself and is the best evidence of its contents.

To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of Plaintiff's Administrative Protest.

56. Intervenor admits the allegations in this paragraph.

57. Intervenor admits the allegations in the first sentence in this paragraph. Intervenor denies the allegations in the second and third sentences in this paragraph.

58. Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

59. Intervenor admits the allegations in this paragraph.

*The Pucker Up Density Management Project DNA*

60. Intervenor admits the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute legal conclusions, which require no response. To the extent a response is required, Intervenor denies the allegations in the second sentence. The allegations in the third sentence purport to characterize Plaintiff's comments submitted on May 25, 2021, which speak for themselves and are the best evidence of their contents. Intervenor denies the allegations in the third sentence to the extent they are inconsistent with the plain text, meaning, and context of Plaintiff's May 25, 2021 comments.

61. Intervenor admits the allegations in this paragraph.

62. The allegations in the first, second, and third sentences of this paragraph purport to characterize the Pucker Up DNA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the Pucker Up DNA. Intervenor denies the allegations in the fourth sentence of this paragraph.

63. The allegations in this paragraph purport to characterize Appendix A to the Pucker Up DNA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the Pucker Up DNA.

64. Intervenor admits the allegations in this paragraph.

*The Gone Fishin' Density Management Project DNA*

65. Intervenor admits the allegations in the first sentence of this paragraph. Regarding the second sentence, Intervenor lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff filed comments on November 17, 2021, and, therefore, denies the same. The remainder of the second sentence constitutes legal conclusions, which require no response. To the extent a response is required, Intervenor denies the remaining allegations in the second sentence. The allegations in the third sentence purport to characterize Plaintiff's comments, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of Plaintiff's comments.

66. Intervenor admits the allegations in this paragraph.

67. The allegations in the first, second, third, and fourth sentences of this paragraph purport to characterize the Gone Fishin' DNA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the Gone Fishin' DNA. Intervenor denies the allegations in the fifth sentence of this paragraph.

68. The allegations in this paragraph purport to characterize Appendix A to the Gone Fishin' DNA, which speaks for itself and is the best evidence of its contents. To the extent a response is

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 14

required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of Appendix A to the Gone Fishin' DNA.

69. Intervenor admits the allegations in this paragraph.

70. Intervenor admits the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
### (Violations of the National Environmental Policy Act)

**COUNT 1: Failure to take a "hard look" at the direct, indirect, and cumulative impacts of the N126 Project, the Pucker Up Density Management Project, and the Gone Fishin' Density Management Project.**

71. Intervenor incorporates by reference its responses to all preceding paragraphs in the Amended Complaint.

72. Intervenor denies the allegations in this paragraph.

73. Intervenor denies the allegations in this paragraph.

74. Intervenor denies the allegations in this paragraph.

75. The allegations in this paragraph purport to quote and characterize NEPA and its implementing regulations, 42 U.S.C. § 4332, and 40 C.F.R. §§ 1500.1(b) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations in this paragraph to the extent they are inconsistent with the plain text, meaning, and context of NEPA and its implementing regulations.

76. The allegations in this paragraph purport to characterize NEPA's implementing regulations, 40 C.F.R. §§ 1502.16, 1508.7, 1508.8, 1508.25(c), 1508.27(b)(7) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulations.

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 15

77. The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1508.7 (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulation.

78. The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulations.

79. Intervenor denies the allegations in this paragraph.

80. Intervenor denies the allegations in this paragraph.

81. The allegations in the first sentence of this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, context of NEPA and its implementing regulations. Intervenor denies the allegations in the second sentence of this paragraph.

82. Intervenor denies the allegations in this paragraph.

**COUNT 2: Failure to Prepare an Environmental Impact Statement and Arbitrary and Capricious Finding of No Significant Impact.**

83. Intervenor incorporates by reference its responses to all preceding paragraphs in the Amended Complaint.

84. The allegations in this paragraph purport to characterize NEPA and its implementing regulations, 42 U.S.C. § 4332(2)(C) and 40 C.F.R. § 1508.27 (1978), which speak for themselves and are the best evidence of its contents. To the extent a response is required, Intervenor denies

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 16

the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA and its implementing regulations.

85. The allegations in this paragraph purport to quote and characterize NEPA and its implementing regulation, 40 C.F.R. § 1500.1(b) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA and its implementing regulation.

86. The allegations in this paragraph purport to characterize NEPA's implementing regulations, 40 C.F.R. § 1508.27(b) (1978), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of NEPA's implementing regulation.

87. The allegations in this paragraph purport to characterize NEPA and its implementing regulation, 40 C.F.R. § 1508.27(b) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenor denies the allegations to the extent they are inconsistent with the plain text, meaning, and context of the uncited NEPA authority and its implementing regulation.

88. Intervenor denies the allegations in this paragraph.

89. Intervenor admits the allegations in the first sentence in this paragraph. Intervenor denies the allegations in the second, third, and fourth sentences in this paragraph.

**PLAINTIFF'S REQUEST FOR RELIEF**

The remainder of Plaintiff's Amended Complaint consists of its request for relief, which requires no response. To the extent a response may be required, Intervenor denies the allegations.

[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER TO AMENDED COMPLAINT - 17

**GENERAL DENIAL**

Intervenor denies each and every allegation of Plaintiff's Amended Complaint not otherwise expressly admitted, qualified, or denied.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to state a claim)**

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Waiver/Estoppel)**

Plaintiff is barred from presenting some or all claims by waiver or estoppel.

**THIRD AFFIRMATIVE DEFENSE**
**(Claim Preclusion/Res Judicata)**

Plaintiff's claims were, or could have been, adjudicated in previous litigation in this Court and therefore are barred by issue preclusion (collateral estoppel) or claim preclusion (res judicata).

WHEREFORE, American Forest Resource Council respectfully requests that the Court deny Plaintiff's request for relief, dismiss the case with prejudice, that Plaintiff takes nothing, and grant any other relief deemed appropriate.

Dated this 9th day of November, 2023.

/s/ Sara Ghafouri
Sara Ghafouri, OSB #111021
Sarah Melton, OSB ##227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
sghafouri@amforest.org
smelton@amforest.org

Attorneys for Proposed Defendant-Intervenor

## CERTIFICATE OF SERVICE

I, Sara Ghafouri, hereby certify that I, on November 9, 2023, caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 9th day of November, 2023.

/s/ Sara Ghafouri<br>
Sara Ghafouri