**WILLIAM M. NARUS, CAB # 243633**
Acting United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
        Attorneys for Defendants


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION


| | |
|---|---|
| **CASCADIA WILDLANDS,** | Case No. 6:22-cv-00767-AA |
| Plaintiff, | |
| v. | **PROPOSED STIPULATED REMEDY** |
| **CHERYL ADCOCK**; **PAUL TIGAN**; and **U.S. BUREAU OF LAND MANAGEMENT**, | |
| Defendants, | |
| and | |
| **AMERICAN FOREST RESOURCE COUNCIL**, | |
| Defendant-Intervenor. | |

The parties file this proposed stipulated remedy in this action, in response to this Court's order for remedy briefing. *See* ECF 50 at p. 47.

1. The parties agree that the U.S. Bureau of Land Management ("BLM") may proceed with further actions and implementation, including ground operations, for the following N126 timber sales that have already been purchased: Pucker Up, Gone Fishin', Walker Point, Upper Greenleaf, Tomcat Divide, Cefir Miles, King Congdon, Hemlock Hill, and Electric Crossing. Plaintiff agrees not to litigate or appeal these sales.

2. The parties agree that BLM may proceed with further actions and implementation, including ground operations, for the following N126 timber sales that have not yet been purchased: Dueling Elk, Moke Road, North Deeded, Over Cooked, Holey Joe, Nelson Divide, and Maine Event pursuant to the terms and conditions identified in the N126 EA. Plaintiff agrees not to litigate or appeal these sales.

3. The parties agree that the sales identified in paragraphs 1-2 above may proceed under the existing N126 Environmental Assessment ("EA"). Except for these sales, BLM agrees that it will not authorize other timber sales under the existing N126 EA. BLM agrees to remand of the N126 EA and FONSI to address the legal violations identified by this Court in its summary judgment Opinion and Order (ECF 50).

4. The parties agree that nothing in this proposed stipulated remedy is intended to preclude or waive future arguments from Plaintiff challenging any future projects within the N126 planning area not identified in paragraphs 1-2 above.

5. The terms of this proposed stipulated remedy shall become effective upon entry of an Order or Judgment by this Court adopting this proposed stipulated remedy. The parties request that this Court retain jurisdiction over this matter solely to oversee compliance with the terms of this stipulated remedy. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994).

6. Plaintiff reserves the right to petition this Court for its reasonable fees, costs, expenses, and disbursements, including reasonable attorneys' fees associated with this litigation pursuant to the Equal Access to Justice Act and/or other applicable statutes, and nothing in this proposed stipulated remedy shall prejudice those proceedings.

For these reasons, this Court should adopt this proposed stipulated remedy and enter final judgment in this action.

Dated this 29th day of April, 2025.

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney
District of Oregon

/s/ Sean E. Martin
SEAN E. MARTIN
Assistant United States Attorney
  Attorneys for Defendants


/s/ Nick Cady
NICK CADY
  Attorney for Plaintiff

/s/ Sara Ghafouri
SARA GHAFOURI
  Attorney for Defendant-Intervenor